S. LANE TUCKER (AKBA #0705011)
STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501-1959
Telephone: (907) 277-1900
Facsimile: (907) 277-1920
Email: sltucker@stoel.com

Attorneys for Plaintiff
KOHT'AENE ENTERPRISES COMPANY, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KOHT'AENE ENTERPRISES COMPANY, LLC, an Alaska limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ANGEL MENENDEZ ENVIRONMENTAL SERVICES, INC., a Georgia corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT** |

## I. NATURE OF CASE

1. Plaintiff Koht'aene Enterprises Company, LLC ("KEC") seeks a temporary restraining order ("TRO") and preliminary injunction to safeguard nearly $1.4 million of federal funds that were incorrectly transmitted into Defendant Angel Menendez Environmental Services, Inc.'s ("AMES") bank account. KEC and AMES formed a joint venture that was awarded a contract with the Department of Labor ("DOL") to provide construction administrative services to DOL's construction projects. Pursuant to the parties' joint venture agreement, and applicable DOL regulations and statutes, DOL payments due to the joint venture were to be deposited into an authorized special bank account registered with

the DOL in the name of the joint venture contracting party. As a result of an error with the DOL's financial system, the DOL erroneously deposited $1,339,262.36 into a bank account under the sole control of AMES. In light of the error, the DOL demanded that AMES return the money to the DOL. KEC as the managing partner of the joint venture also demanded that AMES return the funds to the DOL. AMES inexplicably refused these requests despite acknowledging that the funds had been paid to it in error, and that it had moved the funds to some unknown account.

## II. PARTIES

2. Plaintiff KOHT'AENE ENTERPRISES COMPANY, LLC, is an Alaska limited liability company, and is a subsidiary of Ahtna, Inc. an Alaska Native Corporation ("ANC"). KEC is an ANC 8(a) firm.

3. Defendant ANGEL MENENDEZ ENVIRONMENTAL SERVICES, INC., is a Georgia corporation that is registered to do business and does business in the State of Alaska. KEC is informed and believes and thereon alleges that AMES recently opened an office in Anchorage, Alaska.

## III. JURISDICTION AND VENUE

4. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has authority to issue declaratory and other relief pursuant to 28 U.S.C. §§ 2201-02.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(c).

## IV. GENERAL ALLEGATIONS

7. In or about December 2007, KEC and AMES entered into a Joint Venture Agreement ("JV Agreement") to propose, negotiate and perform construction services for a project for the Department of Labor. A true and correct copy of the JV Agreement is attached hereto as Exhibit 1 and incorporated herein by reference.

8. The JV Agreement provides that the joint bid, and the Construction Contract, if awarded to the Parties, shall be bid and entered into in the name of Koht'aene/AMES JV.

9. The JV Agreement provides that 51% of net profits would be distributed to KEC and 49% of the net profits would be distributed to AMES. The JV Agreement further provides that KEC is the managing partner/venturer of the JV, and is the project manager responsible for performance of the 8(a) contract.

10. In or about April 2008, KEC and AMES amended the JV Agreement ("Amended JV Agreement"). The amended agreement provided that the joint venture would be known as the Koht'aene/AMES Construction JV ("JV"). A true and correct copy of the Amended JV Agreement is attached hereto as Exhibit 2 and incorporated herein by reference. The JV Agreement and Amended JV Agreement are collectively referred to as "the JVA."

11. Pursuant to the JVA, Department of Labor regulations and applicable statutes, a special bank account in the name of the joint venture would be established and administered, and all payments due the joint venture would be deposited in the special bank account in the name of the JV as the contracting party entitled to payment.

12. In or about June 2008, the JV was awarded a fixed price contract with the Department of Labor ("DOL") to provide construction administrative services for the DOL's construction projects ("DOL Contract").

13. Pursuant to DOL regulations and applicable statutes, the special bank account for the JV was registered and listed with the Central Contractors Registration ("CCR") with the DOL so that payments under the DOL Contract could be made into the special bank account in the name of the JV as the contracting party.

14. The JV performed under the DOL Contract through July 2009, and was awarded an option year from August 2009 through July 2010. The JV was awarded two additional 90-day contracts in July and October 2010, taking the contract term through January 31, 2011. The original contract and options are collectively referred to as the DOL Contract.

15. The JV fully performed the DOL Contract through January 31, 2011.

16. During performance of the DOL Contract, the JV regularly submitted monthly invoices under the contact.

17. In or about August and September 2010, KEC became aware of AMES' mismanagement of the DOL Contract and JV. Also at or near this time, KEC discovered that payments under the DOL Contract were not being deposited into the special bank account in the name of the JV, but were instead paid into a bank account maintained under the sole control of AMES, in violation of the JV Agreement and applicable regulations.

18. In October 2010, KEC notified DOL that the payments under the DOL Contract were not being made into the authorized special bank account, but the unauthorized AMES controlled account. KEC also informed DOL that the JV Agreement had not been amended to permit such action by AMES nor had an authorized officer of KEC consented to such an arrangement. In response, the DOL informed KEC to input the correct special bank account information in the JV CCR so that the DOL could make payments into the proper JV

special bank account.

19. KEC informed DOL that the JV had opened up a new special account for payments under the DOL Contract, which would be maintained in accordance with the JV Agreement and applicable regulations, so that the payments and expenses under the contract could be properly accounted for and tracked.

20. KEC also informed AMES of the payments into the improper AMES controlled account and requested that AMES sign off on new special bank account as required by the JV Agreement. AMES refused to do so.

21. After the special bank account was changed, the JV submitted monthly invoices under the DOL Contract. In early 2011, KEC became concerned with the lack of payment under the invoices and requested immediate payment from the DOL.

22. On or about March 9, 2011, the DOL informed KEC that it had paid the invoices to the improper account in the name of AMES, which was not a party to the DOL Contract.

23. KEC demanded that AMES immediately transfer the payments into the special bank account held by the JV so that the JV could pay its expenses and other amounts still owed to subcontractors and vendors for work and services under the DOL Contract.

24. AMES refused to do so, and KEC is informed and believed and thereon alleges that AMES has wrongfully misappropriated and removed the payments to an unknown account within its sole control.

25. On March 23, 2011, the DOL notified AMES that the payments under six invoices in the total amount of $1,339,262.36 had been made in error and that the payments should have been made to the "Special Bank Account" in the name of the JV, and not to the

account under the sole control of AMES. The DOL further notified AMES that it was required by federal law to correct and undo any improper payments to contractors, and that the funds needed to be returned to the DOL. A true and correct copy of this letter is attached hereto as Exhibit 3 and incorporated herein by reference.

26. AMES has acknowledged to the DOL that the funds had been paid into an "incorrect bank account." Nevertheless, AMES refused to return the funds to the DOL and instead informed DOL that the funds "have been segregated" and that a portion of the funds would be paid to KEC upon its resolution of the dispute. AMES further proposed as an alternative to the DOL that the funds be deposited into the original special bank account under the JVA.

27. Following AMES' response to the DOL, KEC requested that AMES agree to return the misappropriated funds to the DOL. At the time of the filing of the Complaint, AMES had not returned the funds to the DOL or to the original special bank account under the JVA.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Declaratory Relief)**

28. KEC incorporates by reference the allegations contained in Paragraphs 1 through 27 above in their entirety, as though fully set forth herein.

29. An actual controversy exists between KEC and AMES concerning their respective rights and duties under the JVA and the rights to the payments from the DOL.

30. KEC alleges that the payments made to AMES by the DOL into the account exclusively controlled by AMES was improper and that the payments should have been paid

to the contracting JV party into the special bank account created by the JV, and as required by applicable regulations and the JVA. KEC also alleges that AMES refusal to return the payments to the DOL following DOL's demand is wrongful and that AMES has misappropriated and concealed these payments from the JV. KEC is informed and believes and thereon alleges that AMES disputes these contentions.

31. KEC alleges that in breach of the JVA and applicable regulations, AMES has refused to return the payments to the JV special bank account. KEC is informed and believes and thereon alleges that AMES disputes this contention.

32. KEC desires a judicial determination of the rights and duties of the Parties under the JVA and applicable law as described herein.

33. A judicial declaration is necessary and appropriate at this time under the circumstances in order that KEC and AMES may ascertain their rights and duties under the JVA and applicable law.

WHEREFORE, KEC prays for judgment against AMES as more fully set forth below.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

34. KEC incorporates by reference the allegations contained in Paragraphs 1 through 33 above in their entirety, as though fully set forth herein.

35. KEC and AMES entered into the aforementioned JVA under which KEC was the managing partner/venturer of the JV. Pursuant to the agreement and applicable regulations for payment by the DOL, the parties agreed to establish a special bank account in the name of the JV for payment under the DOL Contract.

36. KEC has fully performed all terms, conditions, covenants, and promises of the

JVA, except to the extent that it has been prevented or excused from performing by the acts of AMES.

37. KEC alleges that AMES engaged in numerous breaches of the JVA, as described above, and including without limitation the misappropriation of payments from the DOL to a non-contracting party under the DOL Contract.

38. As a proximate result of AMES' actions, KEC has suffered damages to be determined in accordance with proof at trial.

WHEREFORE, KEC prays for judgment against AMES as more fully set forth below.

### THIRD CAUSE OF ACTION
### (Breach of Fiduciary Duty)

39. KEC incorporates by reference the allegations contained in Paragraphs 1 through 38 above in their entirety, as though fully set forth herein.

40. KEC and AMES entered into the joint-venture agreement in which the parties agreed to associate themselves as joint venture partners for purposes of the JV.

41. By virtue of the joint-venture and/or partnership relationship that existed between KEC and AMES, and by virtue of KEC having placed confidence in the fidelity and integrity of AMES, a confidential and fiduciary relationship and duty of loyalty existed at all times herein mentioned between KEC and AMES and AMES owed to KEC a fiduciary duty and duty of loyalty during said joint venture and/or partnership relationship.

42. Despite having voluntarily accepted the trust and confidence of KEC with regard to the joint venture and/or partnership relationship, and in violation of this relationship of trust and confidence, AMES abused the trust and confidence of KEC during the relationship by mismanaging the JV and misappropriating and concealing payments from the

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900    Fax (907) 277-1920

DOL in breach of the parties' agreement and in violation of applicable regulations and laws, and other wrongful acts as described herein.

43. As a proximate result of AMES' breach of fiduciary duty to KEC, KEC has suffered damages in an amount according to proof at trial.

WHEREFORE, KEC prays for judgment against AMES as more fully set forth below.

### FOURTH CAUSE OF ACTION
(Conversion)

44. KEC incorporates by reference the allegations contained in Paragraphs 1 through 43 above in their entirety, as though fully set forth herein.

45. KEC as the managing partner/venturer of the JV is entitled to the use and benefit of the payments under the DOL Contract that have been wrongfully misappropriated and concealed by AMES.

46. By failing to return the misappropriated and concealed payments, AMES has wrongfully and intentionally obtained the benefit and possession of the payments and converted it to its own use.

47. By so doing, AMES has deprived KEC and the JV of the legal use and possession of the payments in order to provide for all payments under the DOL Contract and winding up the affairs of the JV.

48. As a proximate result of AMES' conduct as described herein, KEC has suffered general and consequential damages in an amount to be proven at trial.

49. AMES acted in a wanton, willful, malicious, intentional and/or bad faith manner. Accordingly, KEC is entitled to punitive damages in an amount to be determined at trial.

WHEREFORE, KEC prays for judgment against AMES as more fully set forth below.

## FIFTH CAUSE OF ACTION
### (Unjust Enrichment/Constructive Trust)

50. KEC incorporates by reference the allegations contained in Paragraphs 1 through 49 above in their entirety, as though fully set forth herein.

51. KEC and AMES entered into the JVA, which provided that all payments under the contract with the DOL would be paid into a special bank account in the name of the JV.

52. The DOL erroneously made certain payments described herein into an account maintained and controlled solely by AMES, and consequently, AMES has received an improper benefit of such payment to which it is not entitled.

53. AMES has refused requests by the DOL and KEC to return the payments to the DOL or the proper special bank account in the name of the JV under the JV Agreement. AMES has wrongfully refused to do so and AMES knows that it is not entitled to the payment even if it had been properly deposited into the proper special bank account.

54. As a proximate result of AMES' actions, AMES has been unjustly enriched and KEC has been damaged in an amount to be proven at trial.

55. By virtue of AMES wrongful and unauthorized actions, it is inequitable for AMES to retain the payment, and to the extent that it continues to do so, AMES holds the payments from the DOL described above as a constructive trustee for KEC's benefit.

WHEREFORE, KEC prays for judgment against AMES as more fully set forth below.

## SIXTH CAUSE OF ACTION
(Accounting)

56. KEC incorporates by reference the allegations contained in Paragraphs 1 through 55 above in their entirety, as though fully set forth herein.

57. AMES has obtained payments from the DOL Contract to which it is not entitled.

58. KEC has demanded that AMES return the payments to the DOL as required by applicable law. AMES has refused this request.

59. KEC is entitled to reimbursement of its 51% of the net profits, and other damages, from the payments wrongfully held by AMES, and that this sum cannot be ascertained without an accounting.

WHEREFORE, KEC prays for judgment against AMES as more fully set forth below.

## SEVENTH CAUSE OF ACTION
(Violation of Unfair Trade Practices)

60. KEC incorporates by reference the allegations contained in Paragraphs 1 through 59 above in their entirety, as though fully set forth herein.

61. KEC is informed and believes and thereon alleges that AMES conduct as alleged in this complaint constitutes unfair and unlawful methods of completions and unlawful and deceptive acts or practices pursuant to Alaska Stat. § 45.50.471 et seq. These unlawful and deceptive practices include fraudulently and wrongfully conveying and transferring payments from the DOL to which it was not entitled and representing to the DOL and others that it was entitled to such payments when it knowingly and admittedly was not. KEC is also informed and believes and thereon alleges that AMES has represented to the DOL and others that an agreement, including without limitation the JVA, confers upon AMES

the right to receive payments from the DOL, when such agreement does not confer such a right.

62. KEC is informed and believes and thereon alleges that these unlawful and deceptive practices caused a likelihood of confusion and misunderstanding as to the proper party to the DOL Contract to which was entitled to payment there under.

63. As a direct result of AMES unfair, deceptive and unlawful acts or practices, KEC has been financially harmed in an amount to be proven at trial. As a further direct result of AMES' unfair, deceptive and unlawful acts or practices, KEC is entitled to restitution, treble damages and attorneys' fees and costs.

WHEREFORE, KEC prays for judgment against AMES as more fully set forth below.

## EIGHTH CAUSE OF ACTION
(Preliminary and Permanent Injunction)

64. KEC incorporates by reference the allegations contained in Paragraphs 1 through 63 above in their entirety, as though fully set forth herein.

65. KEC is entitled to a preliminary and permanent injunction to require AMES and any of its agents to return the erroneous payments to the DOL or transfer the payments to the special bank account in the name of the JV as required by the JVA and applicable regulations. KEC is also entitled to an injunction to enjoin AMES and its agents from disbursing and misappropriating the payments, which are the lawful property of the KEC and the JV.

66. Unless AMES is enjoined from continuing this course of conduct, KEC will suffer irreparable injury and KEC has no speedy or adequate remedy at law. Injunctive relief is authorized by FRCP 65 and applicable law.

WHEREFORE, KEC prays for judgment against AMES as more fully set forth below.

## NINTH CAUSE OF ACTION
### (Appointment of Receiver)

67. KEC incorporates by reference the allegations contained in Paragraphs 1 through 66 above in their entirety, as though fully set forth herein.

68. AMES has obtained payments from the DOL Contract to which it is not entitled. Despite the DOL's demand to return the payments because they were not paid to the contracting party JV, AMES refused to return such payments. KEC is informed and believes and thereon alleges that AMES has diverted the payments from the account to which they were paid to an unknown account, and that AMES will conceal and misappropriate such payments to which it is not entitled.

69. Unless a receiver is appointed to manage and maintain the payments, the interest of KEC in the payments will be impaired, and KEC will be caused great and irreparable damage, injury and harm.

70. KEC is entitled to the appointment of a receiver under FRCP 66 and applicable law.

WHEREFORE, KEC prays for judgment against AMES as more fully set forth below.

///

///

///

///

///

# VI. REQUEST FOR RELIEF

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

### FIRST CAUSE OF ACTION
### (Declaratory Relief)

1. For this Court to declare and find that the payment by the DOL into the AMES account, which is exclusively controlled by AMES, was improper and that the payment should have been paid to the contracting JV party into the special bank account created by the JV;

2. For this Court to declare and find that AMES refusal to return the payment following DOL's demand is wrongful;

3. For this Court to declare that AMES is required to either return the payment to the DOL, pay the money into a Court escrow account, or to the JV special bank account;

4. For attorneys' fees and other costs of suit incurred herein; and

5. For such other and further relief as the Court may deem just and proper.

### SECOND CAUSE OF ACTION
### (Breach of Contract)

1. For compensatory damages in accordance with proof at trial;

2. For interest on the sum at the legal rate in accordance with proof at trial;

3. For attorneys' fees and other costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900    Fax (907) 277-1920

## THIRD CAUSE OF ACTION
### (Breach of Fiduciary Duty)

1. For compensatory damages in accordance with proof at trial;

2. For interest on the sum at the legal rate in accordance with proof at trial;

3. For attorneys' fees and other costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

## FOURTH CAUSE OF ACTION
### (Conversion)

1. For compensatory damages in accordance with proof at trial;

2. For interest on the sum at the legal rate in accordance with proof at trial;

3. For punitive damages given AMES malicious, fraudulent and oppressive actions;

4. For attorneys' fees and other costs of suit incurred herein; and

5. For such other and further relief as the Court may deem just and proper.

## FIFTH CAUSE OF ACTION
### (Unjust Enrichment/Constructive Trust)

1. For restitution in accordance with proof at trial;

2. For interest on the sum at the legal rate in accordance with proof at trial;

3. For a constructive trust to be imposed on the payment for the benefit of Plaintiff;

4. For attorneys' fees and other costs of suit incurred herein; and

5. For such other and further relief as the Court may deem just and proper.

## SIXTH CAUSE OF ACTION
### (Accounting)

1. For compensatory damages or restitution in accordance with proof at trial;

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900   Fax (907) 277-1920

2. For an accounting and dissolution of the parties' relationship and joint venture and/or partnership agreement;

3. For interest on the sum at the legal rate in accordance with proof at trial;

4. For attorneys' fees and other costs of suit incurred herein; and

5. For such other and further relief as the Court may deem just and proper.

### SEVENTH CAUSE OF ACTION
### (Violation of Unfair Trade Practices)

1. For restitution in accordance with proof at trial;

2. For treble damages as authorized by statute and law in accordance with proof at trial;

3. For interest on the sum at the legal rate in accordance with proof at trial;

4. For a constructive trust to be imposed on the payment for the benefit of Plaintiff;

5. For attorneys' fees and other costs of suit incurred herein; and

6. For such other and further relief as the Court may deem just and proper.

### EIGHTH CAUSE OF ACTION
### (Preliminary and Permanent Injunction)

1. For this Court to order that KEC is entitled to a preliminary and permanent injunction to require AMES and any of its agents to identify the location of the payments and to return the erroneous payments to the DOL, or deposit the payments into an escrow account established by the court, or transfer the payments to the special bank account in the name of the JV as required by the JVA and applicable regulations;

2. For this Court to order that AMES and its agents are prohibited from disbursing, concealing and or misappropriating the payments;

3. For attorneys' fees and other costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

### NINTH CAUSE OF ACTION
### (Appointment of Receiver)

1. For an order that the appointment of a receiver to obtain the payments and wind down the affairs of the joint venture and/or partnership pursuant to the parties agreement;

2. For attorneys' fees and other costs of suit incurred herein; and

3. For such other and further relief as the Court may deem just and proper.

DATED: April 13, 2011

STOEL RIVES LLP

By: _____
S. LANE TUCKER
Attorneys for Plaintiff